FARBOOD MAJD, ESQ. [SBN 266547]
**LAW OFFICES OF MAJD & ASSOCIATES**
8200 Wilshire Blvd, Suite 400
Beverly Hills, CA 90211
Telephone:  (310) 956-4600
Facsimile:  (310) 878-8989


Counsel for Creditor/Plaintiff
Molouk Karimzad


US BANKRUPTCY COURT-CENTRAL DISTRICT OF CALIFORNIA

SAN FERNANDO VALLEY DIVISION


| | |
|---|---|
| IN RE: ) | CASE NO:  1:18-bk-11471-VK |
| ) | |
| ) | Chapter 7 |
| ATIF SHEIKH AND NAUREEN SHEIKH, ) | |
| ) | **Adversary Case No. 18-01096-VK** |
| Debtors. ) | |
| ---------------------------------------------------- ) | FIRST AMENDED COMPLAINT TO |
| MOLOUK KARIMZAD, ) | DETERMINE DISCHARGEABILITY |
| Plaintiff, ) | AND IN OBJECTION TO DISCHARGE |
| ) | |
| vs. ) | |
| ) | [11 U.S.C. §§ 727(a) (4) (A); 523(a)(2)] |
| ) | |
| ) | |
| ATIF SHEIKH AND NAUREEN SHEIKH, ) | |
| Defendants. ) | |
| ) | |

MOLOUK KARIMZAD, as Plaintiff herein, complains of Debtors-Defendants Atif Sheikh and

Naureen Sheikh (Defendants) as follows:

**JURISDICTION AND VENUE**

1.      This Court has jurisdiction over the subject matter of this adversary proceeding

pursuant to the provisions of 28 U.S.C. §1334, and 11 U.S.C. §§ 727, 523 and 365. This is a core

proceeding under 28 U.S.C. §§ 157(b)(2)(I) and (J).

2.      The venue herein is proper pursuant to the provisions of 28 U.S.C. §1409.

3.      Defendants are not eligible for discharge as a debtor in their bankruptcy action pursuant to 11 U.S.C. §§ 727(a)(4)(A) and (5). Debtors are also indebted to plaintiff creditor as fully detailed below, and the debt is not dischargeable in bankruptcy by virtue of the provisions of 11 U.S.C. §§ 523(a) (2).

## GENERAL ALLEGATIONS

4.      On June 9, 2018, Debtors filed a voluntary petition for relief under the provisions of chapter 7 of the United States Bankruptcy Code, and an order for relief was entered on that date.

5.      When Debtors filed their petition, they were in the middle of legal proceedings in the Los Angeles Superior Court which were pending under the caption and docket number of Molouk Karimzad vs. Atif Sheikh, Asif Sheikh, Sajida Sheikh and Naureen Sheikh, Civil Case No. BC666514 (the *Karimzad* Suit). Specifically, those proceedings involved causes of action for Breach of Written Contract, Intentional Misrepresentation, Negligent Misrepresentation and Elder Abuse.

6.      The Karimzad Suit was filed by herein plaintiff on June 27, 2017, and sought to hold defendants therein liable for their fraudulent conduct in obtaining a certain amount of money from plaintiff using false pretense.

7.      Plaintiff is a dependent adult for purposes of California Elder Abuse Law at the time that the events indicated below transpired.

8.      On or about November 9, 2012, plaintiff was approached by Defendants and asked her to loan them a certain amount of money in exchange for which Defendants will pay a proposed interest rate. Defendants prepared the loan documents themselves, assured Plaintiff that she will be paid.

9.      When Defendants sought the loan from Plaintiff, Defendants brought with them one of Plaintiff's trusted friends and convinced plaintiff that they also have obtained loan from said trusted friend and that they were able to pay plaintiff's friend pursuant to their agreement.

10.      Plaintiff was convinced by Defendants to extend them the loan. So that on November 9, 2012, Plaintiff and Defendants entered into a written agreement for a loan from Plaintiff in the amount of $50,000.00. The agreement called for inters on the loan at 12% per annum, with interest only

payments at $500 a month starting December 2012 through May 9, 2013. The agreement called for payment of the principal in full on or before June 9, 2013.

11.    On or about December 18, 2012, Plaintiff and Defendants entered into another written agreement for another loan in the amount of additional $50,000.00, with 12% interest per annum, with interest only payment of $500 a month starting December 2012 and through December 2013. The Agreement called for payment of the principal in full on or before December 2013.

12.    On or about February 10, 2013, Plaintiff and Defendants entered into a third agreement for a loan in the amount of $25,000.00, with interest on the loan at 24% per annum with deferred interest only payment of $500.00 commencing July 2013 and through November 2013. The agreement provided for payment in full on or before December 10, 2013.

13.    Defendants provided "final repayment checks" of $50,000.00 for the first two agreements.

14.    While Defendants initially paid interest payments, Defendants thereafter failed to abide by the agreements.

15.    In October of 2014, Plaintiff notified Defendants of their default and demand for payment. Defendants instructed Plaintiff not to cash the prepayment checks but instead promised that they will continue paying the interest.

16.    Moreover, upon receipt of the default notice, Defendants represented to Plaintiff that a business, a Fatburger Franchise, for which the loans were made was going to be sold. Defendants indicated that when Fatburger is sold, Defendants will pay the principal loans in full.

17.    Defendants represented that they had listed the Fatburger for sale and buyers were being actively sought.

18.    Plaintiff therefore agreed to the modification in the agreements of payment of the principal loans based on Defendants' representations regarding the sale of Fatburger franchise. Plaintiff withheld depositing the "Pre-payment Checks" in reliance to Defendants' promise that the amount due and owing will be paid from the sale of the Fatburger Franchise.

19.    During the months from October 2014 through February 2017, Defendants continued to indicate that once the franchise they own was sold that they would pay off the loans in full.

20.    Defendants concealed from Plaintiff that they have many other loans that they had to pay out of the sale of the Fatburger franchise that they intended to pay before paying Plaintiff.

21.    Sometime in February 2017, Plaintiff learned that Defendants concluded the sale of the Fatburger franchise but Defendant intentionally did not notify Plaintiff about the same. Moreover, Plaintiff was never paid from the proceeds of the sale of the Fatburger franchise.

22.    When confronted, Defendants informed Plaintiff that they do not have the funds to pay the loans.

23.    By reason of Defendants' request to withhold deposit of the pre-payment checks as they promised to pay instead from the proceeds of the sale of their Fatburger Business, Plaintiff's lost her opportunity to collect through the pre-payment checks.

24.    Plaintiff was therefore damaged by Defendants' representations made to Plaintiff for the latter to withhold deposit of the pre-payment checks to the extent and in such amount within the jurisdiction of this court to be proved at trial.

25.    Upon information and belief, Defendants engaged in a pattern of conduct seeking out people including elderly people for money loans to finance their business projects and live extravagant lifestyles.

26.    Upon information and belief, Defendants, prior to soliciting Plaintiff for her money, have obtained funds from other people and have failed to repay them for the monies owed.

27.    Plaintiff was thus forced to file the *Karimzad* Suit to make Defendants responsible for their intentionally malicious conduct.

28.    During the pendency of the *Karimzad* Suit, Defendants have repeatedly threatened that they will file for bankruptcy if Plaintiff does not agree to a settlement which can be best described as "payable when able" arrangement.

29.    Considering the previous misrepresentations of Defendants, Plaintiff refused to be again swayed by Defendants', and resolved to pursue the *Karimzad* Suit to conclusion.

30.     Defendants thereafter filed the present bankruptcy case.

## FIRST CLAIM FOR RELIEF
(For a Determination That Defendants' Debts Are Not Dischargeable Pursuant to 11 U.S.C. §727(a)(4)(A))

31.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 28 above as though set forth fully herein.

32.     On June 9, 2018, Defendants filed a Voluntary Petition for Bankruptcy with this court. They swore under penalty of perjury that the information which they provided in the Petition was true and correct.

33.     On Schedule B of his Petition, Line 35, Defendants stated that they own 100% interest in Black Diamond Food Group, LLC. Defendant however failed to state that they also own interest in Black Diamond Food Group 1, LLC and Black Diamond Food Group 2, LLC, Safia Food Group, LLC, Capri Park, LLC, Capri Park 1 LLC and Capri Park 2 LLC.

34.     On the Statement of Financial Affairs, Part 11, Line 27, while Defendants disclosed their ownership interest in the Black Diamond Food Group, LLC, they failed to disclose their ownership interest on the limited liability companies such as Black Diamond Food Group 1, LLC, Black Diamond Food Group 2, LLC, Safia Food Group, LLC, Capri Park, LLC, Capri Park 1 LLC and Capri Park 2 LLC.

35.     Plaintiff is informed and believes, and therefore alleges that on June 9, 2018, Defendants owned and still own interest in all seven limited liability companies but only disclosed ownership of Black Diamond Food Group, LLC which is a suspended LLC and not the ownership of the two other LLC's such as Black Diamond Food Group 1, LLC and Black Diamond Food Group 2, LLC, Safia Food Group, LLC, Capri Park, LLC, Capri Park 1, LLC and Capri Park 2 LLC, in Schedule B, and also failed to disclose the latter 6 other limited liability companies in the Statement of Financial Affairs Line 27.

36.     Defendants' failure to include their ownership of Black Diamond Food Group 1, LLC and Black Diamond Food Group 2, LLC, Safia Food Group, LLC, Capri Park, LLC, Capri Park 1, LLC and Capri Park 2 LLC is a deliberate omission of a material matter constituting a false oath or account in connection with the case.

37.     Defendants failed to disclose their ownership of these limited liability companies and their assets with the intent to mislead creditors and the trustee as to the debtor's true financial condition, or with reckless disregard for the truth with regard to a matter material to the case.

## SECOND CLAIM FOR RELIEF
(For a Determination That Defendants' Debt To Plaintiff Is Not Dischargeable Pursuant to 11 U.S.C. §523(a)(2))

38.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 35 above as though set forth fully herein.

39.     Plaintiff entered into the written agreements with Defendants in good faith. Plaintiff also performed his obligations under the said agreements on a timely manner.

40.     When Defendants defaulted in their obligations under the written agreements, Defendants persuaded Plaintiff to modify the said written agreements, specifically the due date for the payment of principal amounts. Defendants convinced Plaintiff to withhold encashment or deposit of the pre-payment checks on the promise that Plaintiff will instead be paid from the proceeds of the sale of Defendants' Fatburger Business.

41.     Defendants represented to Plaintiff that a business, a Fatburger Franchise, for which the loans were made was going to be sold. Defendants indicated that when Fatburger is sold, Defendants will pay the principal loans in full. So that Plaintiff will forego collection of the principal loans in the meantime despite being due, will withhold the encashment or deposit of the pre-payment checks, and that Plaintiff will be paid from the proceeds of the sale of the Fatburger Franchise.

42.     Defendants represented that they had listed the Fatburger for sale and buyers were being actively sought.

43.     Plaintiff therefore agreed to the modification in the agreements of payment of the principal loans based on Defendants' representations regarding the sale of Fatburger franchise.

44.     During the months from October 2014 through February 2017, Defendants continued to indicate that once the franchise they own was sold that they would pay off the loans in full.

45.     Defendants concealed from Plaintiff that they have many other loans that they had to pay out of the sale of the Fatburger franchise that they intended to pay before paying Plaintiff.

46.     Sometime in February 2017, Plaintiff learned that Defendants concluded the sale of the Fatburger franchise but Defendant intentionally did not notify Plaintiff about the same. Moreover, Plaintiff was never paid from the proceeds of the sale of the Fatburger franchise.

47.     When confronted, Defendants informed Plaintiff that they do not have the funds to pay the loans.

48.     By reason of Defendants' request to withhold deposit of the pre-payment checks as they promised to pay instead from the proceeds of the sale of their Fatburger Business, Plaintiff lost her opportunity to collect through the pre-payment checks.

49.     Upon information and belief, Defendants engaged in a pattern of conduct seeking out people including elderly people for money loans to finance their business projects and live extravagant lifestyles.

50.     Upon information and belief, Defendants, prior to soliciting Plaintiff for her money, have obtained funds from other people and have failed to repay them for the monies owed.

51.     Plaintiff was thus forced to file the *Karimzad* Suit to make Defendants responsible for their intentionally malicious conduct.

52.     During the pendency of the *Karimzad* Suit, Defendants have repeatedly threatened that they will file for bankruptcy if Plaintiff does not agree to a settlement which can be best described as "payable when able" arrangement.

53.     Considering the previous misrepresentations of Defendants, Plaintiff refused to be again swayed by Defendants', and resolved to pursue the *Karimzad* Suit to conclusion.

54.    Plaintiff relied on the misrepresentations of Defendants such that she agreed to modify the original loan agreements and defer collection of the principal loan amounts.

55.    Had Plaintiff known that Defendants did not intend to abide by the representations made to Plaintiff, Plaintiff would not have agreed to modify the loan agreements, and would not have deferred collection of the principal amounts of the loans when they fell due, and would not have agreed to withhold encashment or deposit of the pre-payment checks in Plaintiff's possession.

56.    Defendants' conduct at the time that they entered into the modification agreement with Plaintiff constitutes false pretenses and/or false representations, which Defendants knew to be false and/or which Defendants made with reckless disregard as to their truth or falsity.

57.    Plaintiff was therefore damaged by Defendants' representations made to Plaintiff for the latter to withhold deposit of the pre-payment checks to the extent and in such amount within the jurisdiction of this court to be proved at trial.

WHEREFORE, plaintiff prays for the entry of judgment against defendants as follows:

1. That the Court determine that the debts of defendant be ruled non-dischargeable as a result of defendant's knowingly and fraudulently making a false oath in connection with a bankruptcy case by virtue of the provisions of 11 U.S.C. § 727(a)(4)(A); and

2. That the Court determine that the debt owed to plaintiff by defendants as a result of defendant's false pretenses and/or false representations, upon which plaintiff relied to her detriment, and as a result of defendants' willful and malicious injury to plaintiff, is non-dischargeable by virtue of the provisions of 11 U.S.C. §§ 523(a)(2);

4. For an award of attorney's fees as allowable by law in an amount the Court determines to be reasonable;

5. For costs of suit herein incurred; and

6. For such other and further relief as this Court deems just and proper.

1

2   Dated: December 7, 2018

3

4                                              Respectfully Submitted:
                                               Law Offices of Majd and Associates
5                                              By:

6

7                                              Farbood Majd, Esq.
                                               Attorneys for Creditor and Plaintiff
8                                              Molouk Karimzad

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
8200 Wilshire Blvd. Ste. 400
Beverly Hills, CA 90211


A true and correct copy of the foregoing document entitled (*specify*): FIRST AMEDNED COMPLAINT TO DETERMINE
DISCHARGEABILITY AND IN OBJECTION TO DISCHARGE.

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in
the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General
Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)
12/ \1\ /2018, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the
following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

David Keith Gottlieb (TR)
dkgtrustee@dkgallc.com, dgottlieb@iq7technology.com,rjohnson@dkgallc.com,akuras@dkgallc.com

Farbood Majd on behalf of Plaintiff Molouk Karimzad
fmajd@fmajdlaw.com, irlanda@lalawinc.com

United States Trustee (SV)
ustpregion16.wh.ecf@usdoj.gov

Steven M Gluck on behalf of Defendant Atif Sheikh
sgluck@juno.com

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*), I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary
proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage
prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be
completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method
for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served
the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to
such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration
that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is
filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 12/ \1\ /2018 | Regidor Tatel | /s/ Regidor Tatel |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.